# In the United States Court of Federal Claims

## OFFICE OF SPECIAL MASTERS
### No. 16-944V
Filed: November 10, 2016
Not to be Published

* * * * * * * * * * * * * * * * * * * * * * * * *
|  |  |
|---|---|
| KRISTY M. SUH and DANNY PASAWONGSE, on behalf of their minor daughter IYP, | |
| Petitioners, | Petitioners' Motion for a Decision Dismissing the Petition; |
| v. | Insufficient Proof of Causation; Vaccine Act Entitlement; Denial Without Hearing |
| SECRETARY OF HEALTH AND HUMAN SERVICES, | |
| Respondent. | |

* * * * * * * * * * * * * * * * * * * * * * * * *


## DECISION


On August 4, 2016, Petitioners filed a Petition for Vaccine Compensation in the National Vaccine Injury Compensation Program ("the Program"),[1] alleging that various vaccinations injured IYP.  The information in the record, however, does not show entitlement to an award under the Program.

On November 10, 2016, Petitioners moved for a decision dismissing their petition, acknowledging that they will be unable to prove they are entitled to compensation in the Program.

To receive compensation under the Program, Petitioners must prove either 1) that IYP suffered a "Table Injury" – i.e., an injury falling within the Vaccine Injury Table – corresponding to one of IYP's vaccinations, or 2) that IYP suffered an injury that was actually caused by a vaccine.  See §§ 300aa-13(a)(1)(A) and 300aa-11(c)(1).  An examination of the record did not uncover any evidence that IYP suffered a "Table Injury."  Further, the record does not contain a

---

[1] The Program comprises Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755, codified as amended, 42 U.S.C. §§ 300aa-10 *et seq.* (hereinafter "Vaccine Act" or "the Act").  Hereafter, individual section references will be to 42 U.S.C. § 300aa of the Act.

medical expert's opinion or any other persuasive evidence indicating that IYP's alleged injury was vaccine-caused.

Under the Act, petitioners may not be given a Program award based solely on the petitioners' claims alone. Rather, the petition must be supported by either medical records or by the opinion of a competent physician. § 300aa-13(a)(1). In this case, because there are insufficient medical records supporting Petitioners' claim, a medical opinion must be offered in support. Petitioners, however, have offered no such opinion.

Accordingly, it is clear from the record in this case that Petitioners have failed to demonstrate either that IYP suffered a "Table Injury" or that IYP's injuries were "actually caused" by a vaccination. **Thus, this case is dismissed for insufficient proof. The Clerk shall enter judgment accordingly.**

**IT IS SO ORDERED.**

s/George L. Hastings, Jr.
George L. Hastings, Jr.
Special Master